# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO.: _____

PATRICK HOGAN and
RYAN GETTY,

       Plaintiff,

vs.

STONEYBROOK SPIRITS, LLC,
a Florida limited liability company,
d/b/a REGENCY WINE & LIQUOR,

       Defendant.
_____/

## COMPLAINT

Plaintiffs, Patrick Hogan (hereafter "Hogan") and Ryan Getty (hereafter "Getty"), by and through counsel, hereby sue Defendant, Stoneybrook Spirits, LLC, d/b/a Regency Wine and Liquor (hereafter "Regency"), and allege as follows:

### NATURE OF ACTION

1. This is an action for recovery of unpaid overtime compensation owed to Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

2. Plaintiffs allege that Regency unlawfully failed and refused to pay their overtime pay, defined as one and one half times their regular rates of pay for all hours worked in excess of forty (40) per work week, as is required by the FLSA.

3. Defendant's practices as alleged herein violated and the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as Plaintiffs' claims are brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA and this court's original jurisdiction over federal questions.

5. The acts and omissions that give rise to this action occurred in Orange County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all times material hereto, Plaintiffs resided in Orange County, Florida.

7. Regency is a Florida limited liability company is a foreign corporation that maintains its principal office and regularly conducts business in Orange County, Florida.

8. DWH employed Plaintiffs within Orange County, Florida.

## COVERAGE

9. At all times material hereto, Regency employed two or more employees, including Plaintiffs, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

10. At all times material hereto, Regency was an enterprise engaged in commerce whose annual gross volume of sales made or business done is not less than $500,000.

11. Regency is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

## GENERAL FACTUAL ALLEGATIONS

12. Regency owns and operates a wine and liquor store in Winter Garden, Florida

13. Hogan began working for Regency in or about March 2020 as an hourly employee.

14. In or around September 2020, Hogan's compensation was changed to a salary basis of pay.

15. In February 2020 Getty began working for Regency as an hourly employee.

16. In May 2020 Getty became a salaried employee at $33,000 annually with potential of quarterly bonuses.

17. In October 2020 Getty's salary was raised to $40,000 annually with no potential of bonuses.

18. Though Hogan and Getty both held positions that were titled "manager," during their employment, at no time did they manage the enterprise or any subdivision of the enterprise.

19. Neither Hogan nor Getty, at any time during their employment with Regency, supervised two or more full time employees.

20. Neither Hogan nor Getty, at any time during their employment with Regency, had the authority to hire or fire employees or participated in hiring or firing decisions.

21. Neither Hogan nor Getty, at any time during their employment with Regency, had or exercised discretion over matters of significance.

22. During the time that they were employed as salaried workers, Hogan and Getty regularly worked in excess of forty (40) hours per workweek.

23. During that time, Hogan and Getty regularly and customarily worked at least forty-five (45) to fifty (50) hours each workweek.

24. During the time that Hogan and Getty were employed as salaried workers, Regency did not maintain complete and accurate records of their hours worked each workweek.

25. At no time during the time that Hogan and Getty were employed by Regency as salaried workers did they receive one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per workweek.

26. Within the past two years, Regency's pay practices were investigated by the Department of Labor's Wage and Hour Division (hereafter "WHD").

27. Upon information and belief, the WHD concluded that both Hogan and Getty were owed back wages.

28. Despite the WHD's findings, Regency declined to pay Hogan or Getty back wages.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANTS
## (UNPAID OVERTIME COMPENSATION)

29. Plaintiffs hereby incorporate by reference paragraphs 1 through 28 herein.

30. At all times relevant to this complaint, defined as the period commencing two (2) years prior to the filing of this action, Regency was an employer, and an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. § 203(d).

31. At all times relevant to this complaint, Regency employed Plaintiffs within the definition of the 29 U.S.C. § 203(e)(1).

32. The FLSA requires covered employers such as Regency to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

33. Throughout the relevant period, Plaintiffs were non-exempt employees entitled to receive overtime pay under the FLSA.

34. Plaintiffs are therefore entitled to one and one half-times their regular rates of pay for all hours worked in excess of forty (40) per workweek.

35. Throughout the time that Plaintiffs were employed by Regency as salaried workers, Regency failed and refused to pay Plaintiffs the full overtime

compensation they were due for the hours they worked in excess of forty (40) per work week.

37. Regency likewise failed and refused to pay Plaintiffs back-overtime pay following the investigation by the WHD.

37. As a result of Regency's failure to compensate Plaintiffs as required by the FLSA, Regency violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

38. Through the conduct as alleged herein, Regency failed to act in good faith with respect to Plaintiffs' compensation.

39. Plaintiffs are entitled to damages for unpaid overtime compensation during the relevant period, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

40. Plaintiffs request recovery of their attorneys' fees and costs associated with his claims as provided by 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that a judgment be entered awarding all unpaid overtime compensation, an equal amount as liquidated damages, attorney's fees and costs, and such other relief as this Court deems just and proper.

Date:  October 14, 2021

                          Respectfully submitted,

                          s/ David H. Spalter, Esq.
                          David H. Spalter, Esquire
                          Florida Bar No. 966347
                          JILL S. SCHWARTZ & ASSOCIATES, P.A.
                          655 W. Morse Blvd., Suite 212
                          Winter Park, Florida 32789
                          Telephone: (407) 647-8911
                          Facsimile: (407) 628-4994
                          E-mail: dspalter@schwartzlawfirm.net
                          Secondary E-mail:
                          docketing@schwartzlawfirm.net
                          Secondary E-mail:
                          acook@schwartzlawfirm.net
                          Attorney for Plaintiff