UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK HOGAN and RYAN GETTY,

        Plaintiffs,

v.   Case No.   6:21-cv-1706-ACC-EJK

STONEYBROOK SPIRITS, LLC,

        Defendant.

## ORDER

This cause is before the Court on the Report and Recommendation of United States Magistrate Judge Irick following a settlement conference in which he recommends that the settlement reached by the parties on March 4, 2022 be approved. (Doc. 23).

On October 14, 2021, Plaintiffs Patrick Hogan and Ryan Getty filed their Complaint against Defendant Stoneybrook Spirits, LLC d/b/a Regency Wine & Liquor ("Regency") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). (Doc. 1). Plaintiffs allege that Defendant did not pay them for overtime worked and that, within the past two years, Regency's pay practices were investigated by the Department of Labor's Wage and Hour Division (hereafter "WHD") and concluded that both Plaintiffs "were owed back wages." (*Id*.). On November 12, 2021, Regency filed an Answer denying Plaintiffs' claims. (Doc. 8).

Following court-ordered discovery of the FLSA claims, on February 17, 2022, the Court referred the case to the Magistrate Judge to conduct a settlement conference with the parties before filing of a case management report. (Doc. 19). On March 4, 2022, Judge Irick held the settlement conference, at which the parties reached a settlement of the FLSA claims. (Doc. 22). At the settlement conference, the parties agreed on the record to a settlement whereby Plaintiff Hogan would receive $7,000.00 (half as W-2 wages and half as liquidated damages), Plaintiff Getty would receive $12,000.00 (half as W-2 wages and half as liquidated damages), and Plaintiffs would receive $6,500.00 in attorney fees and costs. (Doc. 22 (audio recording); Doc. 23 at 1).

In the Report and Recommendation following the settlement conference, Judge Irick determined the parties' settlement agreement is a "fair and reasonable" resolution of a bona fide dispute as required under *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (*See* Doc. 23 at 1-3). Judge Irick determined that the settlement amounts to the Plaintiffs are "fair and reasonable," and the amount of attorney's fees to counsel under the settlement agreement is adequate compensation, with no conflict of interest tainting the amount Plaintiffs will recover under the Agreement. (Doc. 23 at 3). Thus, he found the settlement agreement overall is a "fair and reasonable settlement of a bona fide dispute" and recommended approval of the parties' settlement agreement. (*Id*. at 4).

After an independent *de novo* review of the record in this matter, noting that Defendant filed a Notice of No Objection (Doc. 25) and Plaintiffs filed no timely objections, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed March 4, 2022 (Doc. 23) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The parties' settlement is a "fair and reasonable" resolution of a bona fide dispute as required under *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982).

3. This case is hereby **DISMISSED** with prejudice.

4. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 22, 2022.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record